**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Louis Vargas, | ) | |
| | ) | |
| Plaintiff, | ) | COMPLAINT FOR NEGLIGENCE |
| | ) | (MEDICAL MALPRACTICE) |
| v. | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | **JURY DEMANDED** |
| Defendant. | ) | |
| | ) | |

## JURISDICTION AND VENUE

1. This court has jurisdiction under and by virtue of 28 U.S.C. Section 1346 (b) of the Federal Tort Claims Act, and 38 U.S.C. Section 7316 entitled Veterans' Benefits in that any and all occurrences alleged herein were caused by the negligence of health care employees of the Department of Veterans Affairs Edward Hines, Jr. Hospital, Hines, Illinois.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. Plaintiff, Louis Vargas is a resident of Will County, Illinois.

4. At all times mentioned herein, Defendant, the United States of America, by and through the Department of Veterans Affairs Edward Hines, Jr. Hospital, Hines, Illinois employed numerous health care personnel.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

5. On or about October 2, 2015, Louis Vargas, age 69, a veteran, was examined in the Urology Clinic of the Department of Veterans Affairs Edward Hines, Jr. Hospital for problems related to his inability to perform sexually.

6. On that same day, a urine sample was obtained for urinalysis, results of which showed a high number of white blood cells and bacteria in his urine.

7. Despite indications of infection, a urine culture and sensitivity test was not ordered or performed nor was Mr. Vargas notified of the results of the urinalysis or prescribed antibiotics.

8. Department of Veterans Affairs Edward Hines, Jr. Hospital personnel were aware that four months earlier in June 2015, Mr. Vela was treated for a urinary tract infection caused by E. coli.

9. On or about November 8, 2015, Mr. Vargas was found unresponsive and rushed to the hospital where he was diagnosed with sepsis, myocardial infarction, septic shock, acute respiratory failure due to shock, acute encephalopathy, urinary tract infection and acute renal failure. His urine tested positive for E. coli.

10. Mr. Vargas had to be resuscitated and was admitted to the Intensive Care Unit where he remained for a week in critical condition.

11. Mr. Vargas' sepsis, myocardial infarction, septic shock, acute respiratory failure due to shock, acute encephalopathy, urinary tract infection and acute renal failure were a direct result of the Department of Veterans Affairs Edward Hines, Jr. Hospital health care employees' failure to properly examine, diagnose and treat Mr. Vargas.

11. On February 9, 2016, Plaintiff filed a Claim for Damage, Injury, or Death with the Office of Regional Counsel, Department of Veterans Affairs in Hines, Illinois.

12. In a letter dated September 29, 2016, the Office of Regional Counsel, Department of Veterans Affairs denied Mr. Vargas' claim.

## COUNT I

## PLAINTIFF AGAINST DEFENDANT FOR NEGLIGENCE

13. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twelve (12) hereat as though fully set forth at this place.

14. On or about October 2, 2015, and all times relevant to this action, the Department of Veterans Affairs Edward Hines, Jr. Hospital employed health care personnel who were engaged in the profession of medical doctors and nurse practitioners licensed to practice medicine and advanced practitioner nursing in the state of Illinois.

15. On or about October 2, 2015, and all times relevant to this action, these Department of Veterans Affairs Edward Hines, Jr. Hospital health care employees held themselves out and otherwise informed veterans and their families that they possessed the requisite skills, competence, facilities and know-how to properly care for their patients.

16. On or about October 2, 2015, and thereafter, Plaintiff, Louis Vargas entrusted himself to the care of the Department of Veterans Affairs Edward Hines, Jr. Hospital and its health care employees.

17. On or about October 2, 2015, and thereafter, the Department of Veterans Affairs Edward Hines, Jr. Hospital's health care employees owed a duty to render medical care in a

reasonable manner, so as not to create an unreasonable risk of injury and harm to their patients, including Plaintiff.

19. After assuming the care of the Plaintiff, by and through its health care employees, were then and there guilty of acting negligently in connection with his care and treatment. These negligent acts or omissions include, but are not limited to:

    a.    permitting Plaintiff to develop sepsis, myocardial infarction, septic shock, acute respiratory failure due to shock, acute encephalopathy, urinary tract infection and acute renal failure;

    b.    failing to properly examine Plaintiff;

    c.    failing to properly diagnose Plaintiff's urinary tract infection;

    d.    failing to timely diagnose Plaintiff's urinary tract infection;

    e.    failing to treat Plaintiff's urinary tract infection ;

    f.    failing to treat Plaintiff's urinary tract infection in a timely fashion;

    g.    failing to treat Plaintiff with antibiotics in a timely fashion;

    h.    failing to render appropriate medical treatment;

    i.    failing to arrange for other qualified persons to examine and treat Plaintiff;

    j.    failing to adequately supervise and/or instruct other health care personnel;

    k.    failing to properly monitor Plaintiff's condition;

    l.    failing to meet the standard of care for Plaintiff; and

    m.    were otherwise careless and negligent.

19. That as a direct and proximate result of one or more of the foregoing negligent acts or omissions of the Defendant, Plaintiff was injured, both internally and externally. He was caused to and continues to undergo great pain and suffering and physical disfigurement and

impairment, all of which injuries are permanent, and he is unable to attend to his ordinary affairs and duties. Plaintiff has become and continues to be liable for large sums of money for medical and other expenses.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment against the Defendant as follows:

1. That the Defendant be required to pay Plaintiff's general damages, including pain and suffering in a sum to be ascertained;

2. That the Defendant be required to pay Plaintiff's special damages in a sum to be ascertained;

3. That the Defendant be required to pay Plaintiff's costs of the suit herein incurred; and

4. That Plaintiff be awarded such other and further relief as this Court may deem just and proper.

/s/ Robin A. Grinnalds
Robin A. Grinnalds

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 W. Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

/s/     Robin A. Grinnalds
Robin A. Grinnalds

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 W. Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877

## DECLARATION OF ROBIN A. GRINNALDS

1. I am the attorney for plaintiff, Louis Vargas. I know the facts herein to be true of my own personal knowledge. I am filing this declaration pursuant to 735 ILCS 5/2-622 and the laws of the United States of America.

2. I have consulted and reviewed the facts of this case with a health professional who I reasonably believe is knowledgeable in the relevant issues involved in this action, who has practiced at within the last 6 years in the same area of medicine that is at issue in this action, and who is qualified by experience and demonstrated competence in the subject of this case.

3. The reviewing health professional has determined in a written report, after a review of the medical records and other relevant material involved in this action that there is a reasonable and meritorious cause for the fining of this action.

4. The written report, attached as Exhibit A to this declaration, is from a qualified physician licensed to practice medicine in all its branches.

5. After reviewing the health professional's report and after consultation with the health professional, I believe and conclude that there is a reasonable and meritorious cause for filing this action against Defendant, the United States of America, by and through the Department of Veterans Affairs Edward Hines, Jr. Hospital.

I declare under penalty of perjury and the laws of the United States of America that the foregoing is true and correct and executed this day, the 30th of November, 2016. Executed at Cook County, Illinois.

                                                 /s/ Robin A. Grinnalds
                                                    Robin A. Grinnalds