UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOUIS VARGAS, | ) |
| Plaintiff, | ) |
| v. | ) No. 16 C 11012 |
| | ) Judge Chang |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## **FINAL PRETRIAL ORDER**

**1.    Jurisdiction**

The court has jurisdiction under 28 U.S.C. § 1346.  Jurisdiction is not disputed.

**2.    Trial Attorneys**

For plaintiff:

Edward M. Fox
Robin A. Grinnalds
Ed Fox & Associates
300 West Adams St., Suite 330
Chicago, Illinois 60606
(312) 345-8877
efox@efox-law.com
rgrinnalds@efox-law.com

For defendant:

Jimmy L. Arce
Kathleen Flannery
U.S. Attorney's Office
219 South Dearborn Street, Fifth Floor
Chicago, Illinois 60604
(312) 353-8449
jimmy.arce@usdoj.gov
kathleen.flannery@usdoj.gov

3. **Case Statement**

This is a medical malpractice case. The Department of Veteran Affairs, Edward Hines Jr. Hospital ("VA") obtained a urine sample from Louis Vargas on October 2, 2015. Vargas alleges that the urine sample showed that he had an infection in his urinary tract and alleges that the VA negligently failed to follow up on the results and negligently failed to appropriately treat it. Vargas was found unresponsive on November 8, 2015. He was septic and suffered, among other things, a myocardial infarction and was hospitalized for 10 days. Vargas alleges that his hospitalization was caused by the failure to follow up on the abnormal urine sample and to appropriately treat it. Vargas also contends that as a result of the November hospitalization, he suffered problems with both his hands that has included Carpel Tunnel Syndrome and resulted in him having surgeries for Carpal Tunnel Syndrome on both hands.

The United States denies that there was a failure to follow up on any needed treatment resulting from the urinalysis that was performed urine on October 2, 2015. Accordingly, defendant argues that there was no breach of the standard of care. The United States also denies that Vargas' complaints regarding his hands, including his CTS were caused or related to his November 2015 hospitalization.

4. **Trial Length / Number of Jurors**

The parties anticipate that the trial will last 4 days.

The parties propose 30-minute opening statements and 60-minute closing arguments plus 15 minutes for plaintiff's rebuttal.

5. **Stipulations and Uncontested Facts**

The parties stipulate to the following facts:

1. Plaintiff Louis Vargas is a veteran of the Viet Nam War. During his service in Viet Nam, Vargas suffered a service-related injury to his right knee.

2. Vargas worked as an auto mechanic and in industrial maintenance subsequent to his service in the armed forces.

3. Prior to the events at issue in this case, Vargas had two back surgeries in 2015—one on March 31st and the other on April 3rd.

4. Vargas was hospitalized at Presence St. Joseph Medical Center from November 8, 2015 through November 17, 2015.

5. Vargas had a carpal tunnel release surgery on his right hand on April 25, 2016.

6. Vargas had a carpal tunnel release surgery on his left hand on May 2, 2016.

7. The parties stipulate to the foundation and admissibility of all medical records and bills listed in the Joint Exhibit List.

**6.     Witness Description Lists**

   **a.  Plaintiff will call the following witnesses:**

   1. Louis Vargas – He is the Plaintiff who will testify about the incidents alleged in the complaint, his alleged injuries, treatment sought, his medical history and activities prior to the incidents alleged in his complaint.

   2. Minnie Vargas -- Wife of Plaintiff. She will testify as to her observations of the events alleged in Plaintiff's complaint, Plaintiff's injuries and activities Plaintiff engaged in prior to the events alleged in Plaintiff's complaint.

   3. Mary Petrella, NP – She is expected to testify consistent with her deposition testimony.

   4. Julia Buesser, NP – She is expected to testify consistent with her deposition testimony.

   5. April Turner, NP – She is expected to testify consistent with her deposition testimony.

6. Barry Fox, MD – He is an expert witness retained by Plaintiff to testify consistent with his report and deposition, as to his opinions based upon his review of the Plaintiff's medical records, the depositions of the parties, defense witnesses and defense expert Dr. Christopher Coogan's report and deposition testimony.

7. Peter Hoepfner, MD -- He is an expert witness retained by Plaintiff to testify, consistent with his reports and deposition, as to his opinions based upon his review of the Plaintiff's medical records, the depositions of the parties, defense witnesses and defense expert Dr. John Fernandez' report and deposition testimony.

8. Donna Woodward, NP—She is an expert witness retained by Plaintiff to testify, consistent with her report and deposition, as to her opinions based upon her review of the Plaintiff's medical records, the depositions of the parties and defense witnesses.

b. **Plaintiffs may call the following witnesses:**

1. Marc Nelson, MD – He is expected to testify consistent with his deposition testimony.

2. Larissa Bresler, MD – She is expected to testify consistent with her deposition testimony.

3. Daniele DeGirolami, MD – Plaintiff's cardiologist. Provided medical treatment to Plaintiff in the days and months after the incident alleged in the complaint.

4. Jessica Dergance, LCSW – Plaintiff's therapist. Evaluated, treated, and/or diagnosed Plaintiff for emotional distress related to the incident alleged in the complaint and is expected to offer testimony as to the nature, extent, diagnosis, prognosis and treatment Plaintiff received. She is expected to offer testimony consistent with her charting.

5. Connie Schroeder, OTR – An Occupational Therapist who evaluated and treated the injuries to Plaintiff's hands. She is expected to offer testimony consistent with her charting.

6. Jennifer Nehls, RN -- Critical Care Nurse at Presence St. Joseph's Medical Center who observed and documented edema to Plaintiff's hands. She is expected to offer testimony consistent with her charting.

7. Lori Ndoca, RN -- Critical Care Nurse at Presence St. Joseph's Medical Center who observed and documented edema to Plaintiff's hands. She is expected to offer testimony consistent with her charting.

**Defendant will call the following witnesses:**

- Louis Vargas (plaintiff)

- Larissa Bressler MD (Hines VA), Urology-Attending.  Dr. Bressler was the attending physician in the urology department at the time of Vargas' visit in October 2015.

- Mary Petrella, NP (VA), Vargas' primary care provider.  Nurse Petrella was Vargas' primary care provider at the time of the events giving rise to his complaint.

- Julia Buesser, NP (Hines VA), urology nurse practitioner.  Nurse Buesser saw Vargas on October 2, 2015 and can explain her consultation with plaintiff.

- Christopher Coogan MD, retained urology expert.  Dr. Coogan will offer an opinion on the standard of care in the field of urology.

- John Fernandez MD, retained orthopaedic expert.  Dr. Fernandez will offer an opinion regarding plaintiff's CTS in rebuttal to the opinion offered by plaintiff's orthopaedic expert, Dr. Hoepfner.

**Defendant may call any witness on plaintiff's witness list**

7. **Exhibits and Exhibit Charts**

    Joint Exhibit List is attached.

8. **Deposition Designations**

    The parties are not currently aware of any witness being unavailable to testify at trial, or any other reason permissible under Rule 32(a) for reading their deposition transcript.

9. **Damages Itemization**

    1) Plaintiff is seeking to recover $$185,063.16, in medical expenses for ambulance service, hospitalizations and subsequent treatment;

    2) Plaintiff is seeking to recover for pain and suffering which is not subject to itemization;

    3) Plaintiff is seeking to recover for emotional distress which is not subject to itemization;

    4) Plaintiff is seeking to recover for disfigurement which is not subject to itemization;

    5) Plaintiff is seeking to recover for disability which is not subject to itemization;

    6) Plaintiff is seeking to recover for loss of normal life which is not subject to itemization;

    7) Plaintiff is seeking to recover for future medical expenses which is not subject to itemization; and

8) Plaintiff is seeking to recover for future pain and suffering which is not subject to itemization.

**10. Motions in Limine**

Defendant will not file any motions in limine, but reserves the right to object at trial to testimony and/or exhibits that violate the Federal Rules of Evidence.

Plaintiff has separately filed the following motions in *limine*:

1. Barring any questions regarding Plaintiff's sources of income, financial condition, income taxes, or personal debt;

2. Barring any argument that an adverse verdict will cause Defendant and/or The Department of Veteran Affairs and/or Edward Hines, Jr. VA Hospital and Joliet VA Clinic and their staff any emotional distress, embarrassment, or will lead to any form of discipline;

3. Barring parties from referring to any exhibit objected to by opposing counsel during opening statements;

4. Barring any reference to any other litigation, lawsuits, or frivolous lawsuits.

5. All non-party witnesses be excluded from the courtroom.

6. Barring any reference to and/or questions regarding whether the Plaintiff has received payment of his medical expenses from any collateral source.

7. Barring argument that any compensatory damages recovered in this case by the Plaintiff are not subject to United States or State of Illinois income taxation.

8. Barring argument that the Plaintiff failed to mitigate damage.

9. Barring argument that the Plaintiff in any way contributed to his injuries.

10. Barring defense attorney from referring to or questioning Defendant's expert, Dr. Christopher Coogan regarding any opinions based upon his personal belief.

11. Barring defense attorney from referring to or questioning Dr. Coogan regarding the opinion in his report that "[i]t was not necessary to send [Plaintiff's] urine for culture…."

Defendant agrees to motions numbered: 1-5 and 7.  Defendant agrees to number 6, subject to ascertaining whether the VA paid any of Plaintiff's bills.  Defendant objects to motions numbered 8-10.

**11.     Voir Dire Questions**

Not applicable.

**12.     Jury Instructions / Verdict Forms**

Not applicable.

                Respectfully submitted,

                LOUIS VARGAS
                Plaintiff

                By: s/ Edward Fox
                    EDWARD M. FOX
                    Ed Fox & Associates, Ltd.
                    300 West Adams St., Suite 330
                    Chicago, Illinois 60606
                    (312) 345-8877
                    efox@efox-law.com

                JOHN R. LAUSCH, Jr.
                United States Attorney

                By: s/ Jimmy L. Arce
                    JIMMY L. ARCE
                    Assistant United States Attorney
                    219 South Dearborn Street
                    Chicago, Illinois 60604
                    (312) 353-8449
                    jimmy.arce@usdoj.gov