UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LOUIS VARGAS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 16 C 11012 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

The Court held a pretrial conference on January 22, 2019. This Order summarizes the issues that were addressed during the pretrial conference.

**Sequester All Witnesses.** The Court previously granted the parties' agreed Motion in Limine No. 5 to exclude witnesses from the courtroom, aside from Plaintiff and a defense-client representative (the government stated that it would not have a client-representative at trial). To clarify, the Court asked whether the parties intended that exclusion to apply to retained experts as well (which is often an exception to sequestration). Both sides agreed: the sequestration also applies to expert witnesses. The Court adopts the agreement.

**Failure to Mitigate.** Because the Court previously denied Vargas's Motion in Limine No. 8 (bar failure to mitigate defense), R. 71,[1] the Court asked the parties to file briefs explaining their legal positions on the applicable standard for a failure to mitigate defense under Illinois law (both sides agreed that Illinois law supplies the rule of decision). The parties will file their respective briefs by January 29, 2019.

**Nurse Practitioner.** At the pretrial conference, Vargas asserted that the government's expert witness on urology, Dr. Coogan, should not be permitted to opine on the reasonableness of the nurse practitioners' conduct in this case; according to Vargas, only a nurse practitioner could opine on that issue. This argument is raised after the pretrial deadline that was set for challenging expert opinions, so the Court confirmed that it will not be excluding Dr. Coogan's testimony. But Vargas may

---

[1] Citations to the record are noted as "R." followed by the docket number and the page or paragraph number.

attempt to argue that a discount of Coogan's testimony is warranted. Because it is not at all clear that there is either a factual premise or a legal premise for this argument, Vargas shall file a brief on this issue by Friday, January 25, 2019. The government's response is due by February 1.

**Expert Qualifications Via Affidavit.** The parties have conferred about this issue and agreed to introduce the experts' qualifications via affidavit, attaching each experts' *curriculum vitae* before the trial. The parties will file the affidavits by Friday, February 1, 2019.

**Exhibits.** In the previous order, the Court flagged that some of the exhibits on the joint exhibit list are comprised of hundreds of pages of medical records from different dates. The parties confirmed that they agree that the documents in their joint exhibit list are generally admissible, but clarified that they did not intend to introduce into evidence the entirety of the exhibits. To present the pertinent records during trial, the parties will refer to the exhibit number first, and then the Bates-number range of the record.

As a reminder, the parties still must provide one paper copy of their joint exhibits to the courtroom deputy at least five business days before trial, following the formatting instructions in Judge Chang's Standing Order Governing Proposed Pretrial Orders at 3 (on website). The parties have already provided a digital copy of the exhibits as required by the Standing Order.

**Trial Length**. The trial will begin at 9:00 a.m. on Monday, February 4, 2019, and will conclude on Thursday, February 7, 2019. The openings are limited to 30 minutes per side. Closings are limited to 60 minutes per side (including Vargas's rebuttal). Vargas's rebuttal shall not exceed the time of his opening close.

**Witnesses.** Vargas confirmed that he will call all eight witnesses on his will-call list in the proposed pretrial order. For witnesses that the government is going to produce, the parties must work cooperatively together to schedule their appearances so there are no gaps in between witnesses. Vargas's witness decisions (the sequence that he will call the three nurse practitioners, and his choice amongst either Jennifer Nehls or Lori Ndoca) shall be disclosed to the government on or before January 29. Vargas further confirmed that he will be calling Marc Nelson, Jessica Dergance, and Connie Schroeder as witnesses.

The government confirmed that it will call Larissa Bresler in its case; Vargas is content to cross-examine her in the defense case. The government also confirmed

that it will call Mary Petrella and Julia Buesser. Both parties confirmed that they will not call Daniele DeGirolami.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: January 24, 2019